IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 16-cv-03104-LTB

JOSHUA JOHNSON,

       Applicant,

v.

D. DENHAM, Warden,

       Respondent.

---

ORDER

---

This matter is before me on an Application for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241, by the Applicant, Joshua Johnson, a federal prisoner appearing pro se. [Doc #5] In this application, Mr. Johnson asserts that the Bureau of Prisons (the "BOP") erred when computing his federal sentence. Specifically, he asserts that the BOP only credited him with 103 days for pre-sentence time he served while in detention in Colorado jurisdictions prior to the commencement of his federal sentence. Mr. Johnson contends that he should be credited with 331 days. After consideration of the petition, the response filed by the Respondent, the United States of America [Doc #15], and the reply file by Mr. Johnson [Doc #21], I DENY the application for the reasons set forth below.

## I. LAW

An action brought by a federal prisoner pursuant to 28 U.S.C. §2241 is one that challenges the execution of a sentence as "the traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.E.2d 439 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). A challenge to the calculation of a federal prison sentence is properly brought under §2241. *See Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir. 1991).

Computation of a federal prison sentence – including the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence – is governed by 18 U.S.C. §3585, which provides as follows:

> (a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by §3585. *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.E.2d 593 (1992).

As relevant here, Section 3585(b)(2) allows an inmate to use time served in custody prior to the imposition of the federal sentence when the custody was "as a

result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The last clause provides that prior time spent in custody cannot be credited toward a federal sentence if it was used to satisfy another sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. *U.S. v. Wilson*, *supra*, 503 U.S. at 334.

## II. BACKGROUND

Mr. Johnson was arrested and taken into custody by the Thornton Colorado Police Department on September 20, 2011. Plaintiff was held in Adams County Colorado from that time until May 25, 2012. For a portion of his detention time in Adams County, he was placed in the temporary custody of the United States Marshals on a federal writ of habeas corpus ad prosequendum. This temporary custody on the writ was from November 3, 2011 to May 25, 2012. On May 25, 2012, Mr. Johnson was transported back to Adams County where he pled guilty and was sentenced on state charges brought by Adams County.

Two and one-half months later, on August 16, 2012, Mr. Johnson was given a 120-month federal sentence in the U.S. District Court for the District of Colorado while on temporary federal custody on another writ of habeas corpus ad prosequendum. Five days later, on August 21, 2012, he was returned to state custody in Adams County. Then, two and one-half month later, on November 8, 2012, Mr. Johnson commenced his federal sentence.

3

## III. BOP CALCULATION

At issue here is the BOP's computation of Mr. Johnson's credit for his pre-sentence detention time. The BOP has credited Mr. Johnson with 103 days of credit for detention time he served prior to the date his federal sentence commenced. The records reveal that time was determined as follows:

Mr. Johnson was taken into state custody on September 20, 2011. On May 25, 2012, after pleading guilty to charges brought in Adams County, Mr. Johnson was given a one-year sentence. He was also given a one year credit for time served (even though he did not serve a full year). Thus, the time period of incarceration between September 20, 2011 and May 25, 2012 was for the Adams County state sentence. I note that although Mr. Johnson was physically in federal custody for a portion of this time on a writ, that time is not credited to the federal sentence as pre-sentence detention time because primary jurisdiction is not with the federal authority.

The time of Mr. Johnson's detention from May 26, 2012 to August 23, 2012 – in the amount of 90 days – has been credited by the BOP towards his federal sentence. During a portion of this time period, Mr. Johnson was again physically in federal custody on a writ while he appeared in court and was given the 120-month sentence at issue here in 11-cr-00349-MSK. Again, that time is not credited to the federal sentence as pre-sentence detention time.

On August 24, 2012, Mr. Johnson was given a one-day sentence in Arapahoe County for traffic violations, with credit for one day served (August 24, 2012).

The time of Mr. Johnson's detention from August 25, 2012 to September 6, 2012 – in the amount of 13 days – has been credited by the BOP towards his federal sentence.

On September 18, 2012, Mr. Johnson was given a 12-day sentence in Jefferson County for a failure to appear. He was given a 12-days credit for time served (even though he served only 10 day from September 7, 2012 through September 17, 2012).

Mr. Johnson's federal sentence thus commenced on September 18, 2012, as the last day he completed his last state sentence. As a result, the BOP computed his pre-sentence detention credit – for time served in Colorado jurisdictions prior to the commencement of his federal sentence – as 103 days. The 103 days consists of the 90 days between May 26, 2012 and August 23, 2012, plus the 13 days between August 25, 2012 and September 6, 2012.

## IV. ANALYSIS

In this application Mr. Johnson argues that his federal sentence should be credited for the time of September 20, 2011 through August 15, 2012, for a total of 331 days of pre-sentence detention time. Mr. Johnson's arguments are difficult to discern. It appears that he first argues that he is entitled to the time from his arrest (September 20, 2011) to the time of his federal sentencing (August 15, 2012) because "he was arrested on a federal warrant and was held without bond" and "primary jurisdiction rest[ed], without question, with the Federal District Court of Colorado." [Doc #5]

5

However, as noted by the Respondent, the law is that Mr. Johnson can only be given pre-sentence credit toward his federal sentence for those days in which he was in state custody pursuant to federal charges and not serving time for a state criminal sentence. 18 U.S.C. §3585(b)(2)(providing a defendant credit toward the service of a term of federal imprisonment "for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed *that has not been credited against another sentence.*")(emphasis added). In addition, I note that it is clear that the federal sentence imposed was not to run concurrent to any state court sentence pursuant to 18 U.S.C. §3584(a)(providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); *see also United States v. Candelas*, 411 Fed. App'x 190, 194 (10th Cir. 2011)(unpublished) (recognizing federal district court's discretion to impose federal sentence that runs consecutively or concurrently to an undischarged state sentence). I disagree with Mr. Johnson to the extent that he argues, without record support, that the federal sentence was actually to be assessed to run concurrently with any state court sentence.

I note that Mr. Johnson addressed his state court sentences by acknowledging that he was given a one-year sentence on the Adams County conviction. He argues, however, that the Adams County sentence should only "take out" 150 days from the 331 days he should be credited. Mr. Johnson computes the

6

sentence at 150 days in that a "one year sentence can be completed in 180 days" (as "2 for 1") and he "already served 30 of those days back in 2001 before the federal warrant." [Doc #5]  This computation is erroneous.  As set forth above, Mr. Johnson's pre-sentence credit was properly decreased by the days he actually served on his Adams County sentence (between September 20, 2011 and May 25, 2012), as well as days served for his one-day sentence in Arapahoe County for traffic violations (August 24, 2012) and time served for his twelve-day sentence in Jefferson County for failure to appear (September 7, 2012 through September 17, 2012).

Finally, to the extent that Mr. Johnson contends that the BOP violated the First and Fifth Amendments to the U. S. Constitution by denying him fair and impartial treatment when computing his pre-sentence credit, and in responding to his administrative request for review, such relief is not available.  These claims constitute a challenge to the conditions of his confinement, which are not proper grounds for habeas corpus relief.  *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir.1997)(ruling that a habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

ACCORDINGLY, for the reasons stated, I DENY the Application for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241, by the Applicant, Joshua Johnson. [Doc #5]

Dated: December 19, 2018 in Denver, Colorado.

                                                    BY THE COURT:

                                                      s/Lewis T. Babcock
                                                    LEWIS T. BABCOCK